IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CODY LESLIE BURNETT                                                                           PLAINTIFF
#0035122

v.                                      3:22-cv-00031-DPM-JJV

STEVE FRANKS, Sheriff, Greene County; *et al.*                                         DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following Recommended Disposition has been sent to United States District Chief Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.    INTRODUCTION**

In his initial Complaint, Cody Leslie Burnett ("Plaintiff"), a pretrial detainee at the Greene County Detention Facility ("Detention Facility"), sued four Defendants, making numerous *unrelated* allegations.[1] (Doc. No. 2.) Plaintiff sued Defendants their official and individual capacities, seeking injunctive relief and monetary damages. (*Id.*)

---

[1] Specifically, Plaintiff alleged: (1) unnamed individuals refused to provide his medication for 24 hours on October 20, 2021; (2) he was held in pod N6 from October 12 through December 7, 2021, in conditions that included: black and orange mold in the right shower, flooded shower stall, no working lights in several of the cells, the toilet in cell 3 shook, the toilet in cell 6 leaked sewage, the ceiling in cell 2 leaked, and the toilet in cell 12 stayed clogged; (3) mail sent to his

As part of the screening process, on February 10, 2022, I advised Plaintiff that his Complaint, as currently pled, failed to state a claim on which relief may be granted. (Doc. No. 3 at 8.) Plaintiff was given thirty (30) days to cure any defects by filing a superseding Amended Complaint. (*Id*. at 7.) I explained to Plaintiff what an Amended Complaint should include, if he wished to file one, and cautioned him that "an Amended Complaint renders his original Complaint without legal effect." (*Id*. at 5-7.) Plaintiff has now filed an Amended Complaint. (Doc. No. 4.) I will now continue screening his claims.

II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

---

family was tampered with; (4) he was held in pod N5 in conditions that included: three days where he did not have working phones, kiosks, or tablets, and the left shower stall was covered in mold; (5) problems with food, including not receiving enough food, mold and hair in his food, and undercooked food; (6) Officer Walker (not a named Defendant) walked into pod N5 without a proper holster for his gun; (7) on November 17, 2022, his pod had four inmates test positive for COVID-19, the positive inmates were not removed the pod, and the pod was not cleaned; (8) he was held in the hole for five days with the air conditioner on full blast without a mat or blanket from 6 a.m. to 10:30 p.m., and the mats were so thin he could feel the metal.; (9) on January 16, 2022, the televisions were not working; (10) he is only offered yard call once a week; and (11) one kiosk is not sufficient for the inmates to conduct legal research. (Doc. No. 2.) He identified Greene County Sheriff Steve Franks, Detention Facility Administrator Robert Case, Greene County Sheriff's Department, and Lieutenant Ashley Worcester as the Defendants. (*Id*.)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighed in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made sua sponte before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. PLAINTIFF'S AMENDED COMPLAINT

In the Amended Complaint, Plaintiff alleges that his constitutional rights were violated when sometime between November 28 to December 1, 2021, an unknown individual inspected a letter to his wife placed in outgoing mail and removed nine of the ten pages. (Doc. No. 4 at 4-5.) The nine removed pages were letters from other inmates regarding their treatment and conditions in the Detention Facility. (*Id*. at 4.) Plaintiff identifies Sheriff Steve Franks and Administrator Robert Case as the sole Defendants. (*Id*. at 2 and 4.)

I explained to Plaintiff, that only claims properly set out in the Amended Complaint will be considered. (Doc. No. 3.) Accordingly, a threshold matter, I find Plaintiff voluntarily dismissed Defendants Greene County Sheriff's Department and Lieutenant Ashley Worcester as party Defendants, and abandoned all the other unrelated claims brought in his initial Complaint. *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants").

I find that Plaintiff's claim that Defendants Franks and Case violated his constitutional rights when an unidentified official inspected an outgoing letter to his wife and removed some pages fails to state a claim for the following reasons.

Inmates have a First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). However, "[t]he fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). Non-privileged mail may be opened and inspected outside an inmate's presence.[2] *Bumgarner v. Bloodworth*, 768 F.2d 297, 301 (8th Cir. 1985) (per curiam); *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). Plaintiff points to only one incident of alleged tampering with his outgoing mail and has not suggested there was any ongoing practice of censorship or that the application of any policy resulted in the alleged interference. An isolated incident of mail tampering, without more, does not give rise to a constitutional violation. *See Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) ("isolated incident [of opening privileged legal mail] without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access the courts, does not give rise to a constitutional violation"); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (plaintiff must show regular and unjustified interference-an isolated incident of mail tampering is usually insufficient to establish a constitutional violation). Nor has Plaintiff stated a claim for any violation of his right of access to the courts, as he has not alleged that he was hindered in pursuing a nonfrivolous and arguably meritorious underlying legal claim when his mail was tampered with. *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).

---

[2] Plaintiff does not allege the mail at issue was legal mail or privileged in any way. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such").

4

Finally, I note Plaintiff identifies Sheriff Steve Franks and Detention Facility Administrator Robert Case as the Defendants but makes no allegations that they are responsible for the alleged mail tampering.  (Doc. No. 4.)  In fact, Plaintiff acknowledges that he does not know who is responsible.  (*Id*. at 5.)  Plaintiff only alleges he "messaged the jail administrator and [the jail administrator] stated the jail didn't open and dispose of my paper."  (*Id*. at 4.)  Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.  *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff did not allege defendant was personally involved in or had direct responsibility for incidents that injured him).  To the extent Plaintiff seeks to hold either of these Defendants responsible based solely on his position as a supervisory official, that claim fails.  *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no respondeat superior liability under § 1983); *see also Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Plaintiff was warned of the deficiencies in his Complaint, and I explained to him what an Amended Complaint should include, if he chose to file one.  (Doc. No. 3 at 5-7.)  Plaintiff was advised to choose related claims and to explain how each Defendant was personally involved in any claims he chose to proceed with.  (*Id*.)  Despite these instructions, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action should count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 3rd day of March 2022.

                                                                                                  JOE J. VOLPE
                                                                                                  UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."